IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,            No. C 12-1407 SBA (PR)

    Petitioner,                             **ORDER OF TRANSFER**

  v.

BUREAU OF PRISONS,

    Respondent.
_____ /

        This case was opened when Petitioner, who is incarcerated at the United States Penitentiary in Florence, Colorado, filed a document entitled, "Habeas Corpus." Petitioner has also filed an application to proceed in forma pauperis (IFP).

        Petitioner's claims, however, are about the conditions of his confinement rather than the fact of his confinement or the length of it. The Court finds that a federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). The Court construes this case as a civil rights action, and the proper venue for such an action is in the District of Colorado, where the putative Defendants would be found and where the claims arose. See 28 U.S.C. § 1391(b). When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or

1  a substantial part of property that is the subject of the action is situated, or (3) a judicial district in
2  which any defendant may be found, if there is no district in which the action may otherwise be
3  brought.  Id.  Where a case is filed in the wrong venue, the district court has the discretion either to
4  dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C.
5  § 1406(a).  Venue may be raised by the court sua sponte where the defendant has not yet filed a
6  responsive pleading and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486, 1488
7  (9th Cir. 1986).

8        Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C.
9  § 1406(a), this action be TRANSFERRED to the United States District Court for the District of
10 Colorado.  The Clerk of the Court shall transfer this matter forthwith.

11       In view of the transfer, the Court will not rule upon Petitioner's request for leave to proceed
12 IFP.  Because it has construed this case as a civil rights action, the Court directs the Clerk to re-code
13 this case under the following nature of suit: "555 Prisoner: Prison Condition."

14       IT IS SO ORDERED.
15 DATED:  6/6/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

        Plaintiff,

  v.

BUREAU OF PRISONS et al,

        Defendant.

Case Number: CV12-01407 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Doyle Young Reg. No. 60012-001
U.S. Penitentiary Max-ADX
P.O. Box 8500
3-5128
Florence, CO 81226-8500

Dated: June 12, 2012

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk