**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

BUREAU OF PRISONS,

    Defendant.

No. C 12-1407 SBA (PR)

**ORDER DENYING RECONSIDERATION**

(Docket no. 6)

    This case was opened when Plaintiff, who is incarcerated at the United States Penitentiary in Florence, Colorado, filed a document entitled, "Habeas Corpus."

    In an Order dated June 6, 2012, the Court determined that Plaintiff's claims were about the conditions of his confinement rather than the fact of his confinement or the length of it. (June 6, 2012 Order at 1.) The Court found that a federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims. (Id.) The Court construed this case as a civil rights action, and determined that the proper venue for such an action is in the District of Colorado, where the putative Defendants would be found and where the claims arose. (Id. (citing 28 U.S.C. § 1391(b)).) Therefore, the Court transferred this action to the United States District Court for the District of Colorado.[1] (Id. at 2.) The Court also directed the Clerk of the Court to re-code this case under the following nature of suit: "555 Prisoner: Prison Condition." (Id.)

---

[1] The Court notes that Plaintiff's case in the United States District Court for the District of Colorado has since been dismissed without prejudice on July 26, 2012 pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with that district court's June 14, 2012 Order and to cure deficiencies. (July 26, 2012 Order in Case No. 12-cv-01540-LTB at 2.)

1    Before the Court is Plaintiff's motion for reconsideration of the June 6, 2012 Order of
2 Transfer.
3    Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon a
4 showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence
5 which by due diligence could not have been discovered before the court's decision; (3) fraud by the
6 adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason
7 justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. No. 1J, 5 F.3d at 1263.  Subparagraph
8 (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with
9 the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.
10 See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).
11    Here, Plaintiff does not make a showing of mistake, inadvertence, surprise or excusable
12 neglect.  He does not set forth any newly discovered evidence or fraud.  Nor does he set forth any
13 other reason justifying relief.  Rather, Plaintiff simply makes a conclusory argument that he is
14 "requesting that this case is reinstated because of misconduct by the Defendant."  (Mot. for Recons.
15 at 1.)  He adds that the Bureau of Prisons is "withholding forms required by the Denver [United
16 States District Court] to file in the District Court."  (Id.)  However, as mentioned earlier, the Court
17 previously determined that the proper venue for the present action is in the District of Colorado,
18 where the putative Defendants would be found and where the claims arose.  At the time he filed his
19 motion for reconsideration, the Court notes that Plaintiff was still being housed at the United States
20 Penitentiary in Florence, Colorado.  Therefore, his aforementioned arguments are without merit and
21 are not a basis for reconsideration.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

## **CONCLUSION**

23    For the foregoing reasons, Plaintiff's motion for reconsideration (docket no. 6) is DENIED.
24    This Order terminates Docket no. 6.
25    IT IS SO ORDERED.
26 DATED:  8/14/12
                                              *Saundra B Armstrong*
                                              SAUNDRA BROWN ARMSTRONG
27                                            United States District Judge
28

G:\PRO-SE\SBA\HC.12\Young1407.denyRECONS.wpd            2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

        Plaintiff,

  v.

BUREAU OF PRISONS et al,

        Defendant.

Case Number: CV12-01407 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Doyle Young Reg. No. 60012-001
U.S. Penitentiary Max-ADX
P.O. Box 8500
3-5128
Florence, CO 81226-8500

Dated: August 14, 2012

                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk